IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03013-GPG

SALVADOR ZUNOGAMA,

    Plaintiff,

v.

RICK RAEMISCH, in his official capacity as Executive Director of the Colorado
    Department of Corrections,
ED CALEY, in his official capacity as Warden of the Trinidad Correctional Facility,
JOSEPH M. VIGIL, in his official and personal capacity,
CORRECTIONAL OFFICER MATEO (last name unknown), in his official and personal
    capacity, and
CORRECTIONAL OFFICER APODACA (last name unknown), in his official,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

    Plaintiff, Salvador Zunogama, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Zunogama has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. He seeks damages as relief.

    The Court must construe the Prisoner Complaint liberally because Mr. Zunogama is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Zunogama's claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Section 1915A(b) requires dismissal of the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint in part as legally frivolous pursuant to § 1915A(b).

Mr. Zunogama's claims in the Prisoner Complaint stem from an incident that occurred while he was incarcerated at the Trinidad Correctional Facility. He alleges that he dislocated his shoulder when he was subjected to excessive physical force by Joseph M. Vigil on March 4, 2014, while he was being escorted to the maximum security housing unit by correctional officers Mateo and Apodaca. Mr. Zunogama further alleges that correctional officers Mateo and Apodaca failed to intervene and protect him. Mr. Zunogama is suing Defendants Vigil, Mateo, and Apodaca in both their official and personal capacities.[1] He also is suing DOC Executive Director Rick Raemisch and Trinidad Correctional Facility Warden Ed Caley in their official capacities.

---

[1] Unlike the other Defendants, Mr. Zunogama does not indicate in the caption of the Prisoner Complaint that Defendant Apodaca is being sued in his personal capacity. However, Mr. Zunogama makes clear that Defendant Apodaca is being sued in both his official and personal capacities on page two of the Prisoner Complaint.

Mr. Zunogama does not assert any facts that demonstrate either Rick Raemisch or Ed Caley personally participated in the alleged use of excessive force.

Mr. Zunogama's claims against Defendants in their official capacities are legally frivolous. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Mr. Zunogama alleges that each of the Defendants is a DOC prison official. Therefore, his claims against Defendants in their official capacities actually are claims against the DOC.

The DOC, which is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the official capacity claims will be dismissed as legally frivolous. Because Defendants Raemisch and Caley are sued only in their official capacities, they will be dismissed as parties to the action.

The Court will not address at this time the merits of Mr. Zunogama's claims against Defendants Vigil, Mateo, and Apodaca in their personal capacities. Instead, the

action will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Plaintiff's claims in the Prisoner Complaint against Defendants in their official capacities are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that Defendants Rick Raemisch and Ed Caley are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this   22nd   day of    January   , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court