A      IN THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03013-KLM

SALVADOR ZUNOGAMA,

  Plaintiff,

v.

JOSEPH M. VIGIL, in his individual capacity,
CORRECTIONAL OFFICER MATEO, in his individual capacity, and
CORRECTIONAL OFFICER APODACA, in his individual capacity,

  Defendants.
_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

  This matter is before the Court on Plaintiff's **Motion to Provide Address of Service** [#18][1] (the "Motion"). In the Motion, Plaintiff asks the Court to "issue an order directing Defendants Joseph M. Vigil, Correctional Officer Mateo (last name unknown), and Correctional Officer Apodaca (last name unknown) [to] provide Plaintiff with a complete mailing address for the purpose of service of documents" in this case. Id. at 1.

  As an initial matter, the pro se Plaintiff proceeds in forma pauperis. *See generally Order Granting 28 U.S.C. § 1915 Motion* [#12]. As a result, the Court served the Office of Legal Services of the Colorado Department of Corrections (the "CDOC") on behalf of Plaintiff. *See generally Waiver of Service of Summons* [#17] (the "Waiver"). However, the Legal Services Group Leader for the CDOC noted on the Waiver that she waived service as to Defendants Joseph Vigil and Robert Apodaca only. Counsel noted that "'Mateo' cannot be identified as a current [C]DOC employee." *Id.* at 1.

  As the Waiver makes clear, Defendants Vigil and Apodaca have waived service. As a result, to the extent that the Motion asks the Court to order Defendants Vigil and Apodaca to provide complete mailing addresses, the Motion is moot.

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

With regard to Defendant Mateo (last name unknown), it is Plaintiff's obligation to provide the Court with sufficient information to identify the Defendant. *See Rudd v. Colo. Springs Police Dep't*, No. 08-cv-02379-BNB, 2009 WL 497737, at *2 (noting that the plaintiff "must provide sufficient information about each defendant so that each defendant can be identified for purposes of service."); *see also Karp v. Garrett*, No. 10-cv-02277-CMA-KMT, 2011 WL 5172897, at *6 (D. Colo. Aug. 1, 2011) ("it is not up to the Clerk of the Court or the United States Marshals Service to search for [defendant's] current address."); *Tillotson v. McCoy*, No. 10-cv-00483-REB-BNB, 2010 WL 4810721, at *1 (D. Colo. Nov. 19, 2010) ("plaintiff is simply mistaken in his belief that it is anyone's responsibility other than his own to locate and provide a proper address for the defendant such that service can be accomplished."). In his Complaint, Plaintiff simply provides Defendant Mateo's first name and alleges that he was working at the Trinidad Correctional Facility on March 4, 2014. *Compl.* [#1] at 1, 4. Mateo is a common name and the Court does not have information regarding the names and employees at each CDOC facility. Therefore, the Court is unable to determine if this is sufficient information for the CDOC to identify this particular individual. Accordingly, the Court will grant the Motion in part and order the CDOC's Office of Legal Services to file a sworn document stating that the information provided in the Complaint is insufficient to identify the Defendant. If the CDOC complies and states that it cannot identify Defendant Mateo from the information provided by Plaintiff, it will remain Plaintiff's responsibility to provide sufficient information to identify this Defendant.

IT IS HEREBY **ORDERED** that the Motion [#18] is **GRANTED in part** and **DENIED as moot in part**.

IT IS FURTHER **ORDERED** that, **on or before March 12, 2015**, the Office of Legal Services of the CDOC shall either (1) file a declaration or sworn affidavit stating that the information regarding Defendant Mateo (last name unknown) is insufficient to identify the individual or (2) if the information is sufficient to identify the individual, provide the Clerk of the Court with either a mailing address or a waiver of service for this individual.

Dated: February 17, 2015