IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03013-KLM

SALVADOR ZUNOGAMA,

    Plaintiff,

v.

JOSEPH M. VIGIL, in his individual capacity,
CORRECTIONAL OFFICER MATEO, in his individual capacity, and
CORRECTIONAL OFFICER APODACA, in his individual capacity,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Vigil's and Defendant Apodaca's **Motion to Dismiss or Alternatively Motion for Summary Judgment** [#22][1] (the "Motion"). Plaintiff filed a Response [#29]. The Court has conducted a preliminary review of the Motion, the Response, Plaintiff's verified complaint[2], and the entire docket.

Among other things, the moving Defendants argue that Plaintiff's claims should be dismissed for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *Motion* [#22] at 3-7. Specifically, they maintain that while he did file

---

[1] "[#22]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Tenth Circuit has consistently recognized that prisoners' verified complaints are the equivalent of affidavits for purposes of summary judgment. *E.g.*, *Adams v. Dyer*, 223 F. App'x 757, 764 n.7 (10th Cir. 2007) (citing *Conaway v. Smith*, 853 F. 2d 789, 792 (10th Cir. 1988).

a grievance regarding the alleged incident, he did not do so "until July 8, 2014, 126 days after the alleged incident occurred." *Id.* at 6.  They argue that because Plaintiff did not file his step one grievance form within 30 days after the alleged incident, he did not properly exhaust his administrative remedies.  *Id.*  In his Response, Plaintiff states that he

> was prevented from receiving AR Form 850-04 (Offender Grievance) after repeated attempts to request the form from case management and officers.  Plaintiff filed numerous "kites" requesting the grievance form, only to receive no response and to have the kites disappear unanswered.  Plaintiff filed a step 1 grievance at the earliest possible date after arriving at his current facility, conferring with offender law clerks on administrative policy.  Plaintiff in good faith attempted to exhaust his administrative remedies and should not be penalized due to the intentional refusal of staff to provide Plaintiff with the proper forms.

*Response* [#29] at 3.

There is a recognized exception to the exhaustion requirement when an inmate has been prevented from filing a grievance.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  "When prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner and, therefore, do not need to be exhausted prior to initiation of [an] . . . action."  *Main v. Martin*, No. 06-cv-00232-WDM-MJW, 2009 WL 215404, *5 (D. Colo. Jan. 22, 2009).  Plaintiff, however, has provided no more than his unsupported, unsworn conclusory allegation that he was not permitted to file a grievance concerning the claims raised in this civil action. The Court may not consider such unsworn statements when considering a Rule 56 motion.  Instead, the Court may only consider evidence that complies with the evidentiary requirements of Fed. R. Civ. P. 56(c).  *See* Fed. R. Civ. P. 56(c); *Nasious v. Robinson*, No. 08-cv-00262-CMA-KMT, 2010 WL 1268135, at *7 (D. Colo. Feb. 17, 2010) ("Plaintiff has attached grievances filed by other inmates in an attempt to set forth evidence of such a custom. However these

statements are not sworn or certified and therefore run afoul of Rule 56(c) and the court need not consider them on summary judgment."); *Sparks v. Rittenhouse*, 2007 WL 987473, at *6 (D. Colo. Mar. 29, 2007) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17; *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462-63 (D. Colo. 1997)) ("Unsworn assertions are not sufficient grounds to oppose a motion for summary judgment.").

Pursuant to Rule 56(e), the Court may "give [parties] an opportunity to properly support or address the [improperly supported] fact[.]"  Fed. R. Civ. P. 56(e).  In this matter, the Court will give Plaintiff another opportunity to submit a response that can be considered by the Court under Fed. R. Civ. P. 56(c) because of Plaintiff's status as a pro se prisoner litigant, *cf. Adams*, 223 F. App'x at 764 n.7; *Jaxon v. Circle K Corp.*, 773 F. 2d 1138, 1140 (10th Cir. 1985), and because of the particular circumstances of this case.  Thus, the Court will grant Plaintiff additional time in which to submit a new response to the Motion in accordance with Fed. R. Civ. P. Rule 56.  *Cf. Applied Capital, Inc. v. Gibson*, 2007 WL 5685131, at *24 (D. N.M. 2007) (noting that the Tenth Circuit has "encouraged district courts to decide motions for summary judgment on the merits[.]").

Plaintiff should take note of the testamentary guidelines in 28 U.S.C. § 1746. **Plaintiff should include the following statement on the <u>last</u> <u>page</u> of his new response if he submits one: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date)."**  *See* 28 U.S.C. § 1746(2).  In addition, Plaintiff should be aware that swearing to the truth of false information is perjury, and perjury is a crime punishable by fine and imprisonment.  *See* 18 U.S.C. § 1621.  Accordingly,

3

IT IS HEREBY **ORDERED** that on or before **May 8, 2015**, Plaintiff may submit a new response to the Motion.  **Plaintiff should be mindful that if he chooses to submit a new response to the Motion the Court will disregard his original Response [#29] because the Local Rules of this Court only allow a party to file one response to a motion. D.C.COLO.LCivR 731 (d).**  Therefore, if he submits a new response it must **incorporate any arguments included in his original Response that relate to any other issues raised in the Motion because the Court will not review his original Response once a new response is filed.**  If Plaintiff decides not to submit a new response, the Court will consider his original Response [#29] when deciding the Motion.

Dated:  April 16, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge