IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03013-KLM

SALVADOR ZUNOGAMA,

      Plaintiff,

v.

JOSEPH M. VIGIL, in his individual capacity,
CORRECTIONAL OFFICER MATEO, in his individual capacity, and
CORRECTIONAL OFFICER APODACA, in his individual capacity,

      Defendants.

_____

## ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

      This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [#28][1]

(the "Motion").  On February 17, 2015, the Court ordered the Office of Legal Services of the

Colorado Department of Corrections ("CDOC") to

> either (1) file a declaration or sworn affidavit stating that the information
> regarding Defendant Mateo (last name unknown) is insufficient to identify the
> individual or (2) if the information is sufficient to identify the individual, provide
> the Clerk of the Court with either a mailing address or a waiver of service for
> this individual.

*Minute Order* [#20] at 2.  On March 12, 2015, the Affidavit of Teresa Reynolds [#21] (the

"Reynolds Affidavit") was filed.  The Reynolds Affidavit stated that on March 4, 2014,

Plaintiff was escorted by two officers: Joseph Vigil and James Nick Martin.  *Id.* ¶ 8.

_____

    [1]  "[#28]" is an example of the convention I use to identify the docket number assigned to
a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I
use this convention throughout this Order.

In Plaintiff's Response to Affidavit of Teresa Reynolds [#25] (the "Response"),

Plaintiff states that he "does not believe that James Nick Martin is in fact that person named

Mateo as stated in the claim."  *Response* [#25] at 1.  Plaintiff further states that

> []the officer involved in the escort was wearing a name badge with Mateo or
> alternatively Matthew.  If Defendants seek to name James Nick Martin as the
> officer named Mateo and assert that that is the name on the badge of the
> officer, then Plaintiff requests this Court ORDER Defendants provide
> documentation in support of this allegation.
>
> [ ] Until the identity of the person named in the Complaint as Correctional
> Officer Mateo is clearly identified, Plaintiff requests this Court refer to this
> officer in the proceedings as Correctional Officer "DOE".
>
> [ ] Plaintiff also requests this Court issue an ORDER directing Defendants to
> provide copies of the reports relied upon, staff post logs, and any other
> information used to come to their conclusions.

*Id*. at 2 (emphasis in original).

> On April 1, 2015, the Court entered a Minute Order informing Plaintiff that,
>
> in certain instances, defendants are named as "John Does."  *See Response*
> [#25] at 2.  However, the Court cannot sua sponte amend Plaintiff's
> Complaint for him.  If Plaintiff is seeking leave to file an amended complaint,
> he must file a motion which complies with the federal and local rules, namely,
> Fed. R. Civ. P. 15, and which includes the proposed amended complaint as
> a document separate from the motion.  The Court will not permit piecemeal
> adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks
> to bring and defendants he intends to name in the proposed amended
> complaint.  Furthermore, Plaintiff must use the form complaint prescribed by
> this Court.  D.C.COLO.LCivR 5.1(c).  In addition, if Plaintiff seeks leave to
> amend his Complaint, his proposed amended complaint must take into
> account the Court's dismissal of all claims asserted against Rick Raemisch
> and Ed Caley and the official capacity claims asserted against all
> Defendants.  *See Order to Dismiss in Part and Draw Case* [#13] at 4.

*Minute Order* [#26] at 3.  Because his Response also appeared to request discovery from

Defendants, the Court informed Plaintiff that

> to the extent the Response asks the Court to order Defendants or the CDOC
> to produce documents to him, that request for relief must be made by motion.

> Further, there are specific rules that govern discovery in lawsuits. The Court has not yet entered a Scheduling Order governing discovery in this case and this case is exempt from the initial disclosures discussed in Fed. R. Civ. P. 26(a)(1). *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Accordingly, if Plaintiff would like to request discovery of information relating to the individual he believes is named Mateo who allegedly escorted him on March 4, 2014, he must file a motion requesting that relief and provide a legal basis for that motion. D.C.COLO.LCivR 7.1(d). However, Plaintiff should be aware that a motion seeking early discovery is likely to be denied if the Complaint is subject to dismissal on other grounds. *See SunLust Pictures, LLC v. Doe*, No. 12-cv-00656-CMA-KMT, 2012 WL 975828, at *1 (D. Colo. March 22, 2012) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Tracfone Wireless, Inc. v. Access Telecom., Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009)).

*Id.*

On April 1, 2015, the Court also entered an Order to Show Cause ordering Plaintiff to either file a motion seeking leave to amend his Complaint or to provide identifying information regarding Defendant Mateo. *Order to Show Cause* [#27] at 3.

In the Motion, Plaintiff notes that he is responding to the Order to Show Cause. *Motion* [#27] at 1. Plaintiff states that he "requests leave to amend the named party of Correctional Officer Mateo to Correctional Officer 'Doe' until such time as the party can be properly established." *Id.* In support of this request Plaintiff states that "James Nick Martin was the acting Lieutenant during the incident and was not the escorting officer. [ ] The officer believed to be "Mateo" . . . was the Sergeant on duty." *Id.* at 2. As explained in the Court's April 1, 2015 Minute Order,

> If Plaintiff is seeking leave to file an amended complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and **which includes the proposed amended complaint as a document separate from the motion**. The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed amended complaint. Furthermore, Plaintiff must use the form complaint prescribed by this Court. D.C.COLO.LCivR 5.1(c). In addition, if Plaintiff seeks leave to amend his Complaint, his proposed amended complaint must take into

> account the Court's dismissal of all claims asserted against Rick Raemisch
> and Ed Caley and the official capacity claims asserted against all
> Defendants. *See Order to Dismiss in Part and Draw Case* [#13] at 4.

*Minute Order* [#26] at 3 (emphasis added). Therefore, to the extent Plaintiff would like to amend his Complaint, he must file: (1) a motion seeking leave to amend (2) with an attached proposed Amended Complaint that includes all claims and defendants he wishes to include in that Amended Complaint. The Court will not construct an operative complaint in a case that takes into account information from multiple filings such as the Complaint and Motion filed in this case. To do so would be burdensome on the Court and Defendants and would not comply with Fed. R. Civ. P. 8, which requires that a plaintiff state his claims in "a pleading." Fed. R. Civ. P. 8(a). Because Plaintiff has not provided his proposed Amended Complaint, the Court denies the Motion without prejudice to the extent it seeks leave to amend the Complaint. Denial without prejudice means that Plaintiff can file another motion requesting permission to amend his Complaint that explains the basis for the requested relief and attaches his proposed Amended Complaint.

In the Motion, Plaintiff also "requests [that] this Court issue an ORDER directing Defendants to provide copies of the reports relied upon, staff post logs, and any other information used to come to their conclusions." *Motion* [#28] at 2. In its April 1, 2015 Minute Order the Court explained that,

> there are specific rules that govern discovery in lawsuits. The Court has not
> yet entered a Scheduling Order governing discovery in this case and this
> case is exempt from the initial disclosures discussed in Fed. R. Civ. P.
> 26(a)(1). *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). Accordingly, if Plaintiff would
> like to request discovery of information relating to the individual he believes
> is named Mateo who allegedly escorted him on March 4, 2014, he must file
> a motion requesting that relief and provide a legal basis for that motion.
> D.C.COLO.LCivR 7.1(d). However, Plaintiff should be aware that a motion
> seeking early discovery is likely to be denied if the Complaint is subject to

4

dismissal on other grounds.  *See SunLust Pictures, LLC v. Doe*, No. 12-cv-00656-CMA-KMT, 2012 WL 975828, at *1 (D. Colo. March 22, 2012) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Tracfone Wireless, Inc. v. Access Telecom., Inc.*, 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009)).

*Minute Order* [#26] at 3.  Because the Court denies without prejudice the Motion to the extent Plaintiff seeks permission to amend his Complaint, the Court also denies Plaintiff's request for early discovery without prejudice at this time.   Requesting early discovery regarding the identity of a John Doe individual is premature at this time because Plaintiff is still attempting to amend his claims.  Plaintiff may file a motion requesting early discovery after the Court has ruled on any future motion seeking leave to amend the Complaint. However, as instructed by the Court in its April 1, 2015 Minute Order, if Plaintiff files such a motion, he must provide a legal basis for the requested relief.  *Id.*

Therefore, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#28] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that, if Plaintiff wishes to amend his Complaint, he must file a motion requesting that relief that complies with all applicable rules and attaches a proposed Amended Complaint **on or before May 22, 2015**.  **If Plaintiff does not seek leave to amend his Complaint by this deadline, the Court will recommend that his claims against Defendant Mateo be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b), as discussed in the Order to Show Cause [#27].**

IT IS FURTHER **ORDERED** that the obligations stated in the Order to Show Cause

entered on April 1, 2015 [#27] are **DISCHARGED**.

Dated:  April 27, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge