IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03013-KLM

SALVADOR ZUNOGAMA,

    Plaintiff,

v.

JOSEPH M. VIGIL, in his individual capacity,
CORRECTIONAL OFFICER MATEO, in his individual capacity, and
CORRECTIONAL OFFICER APODACA, in his individual capacity,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [#36][1] (the "Motion to Amend") and **Plaintiff's Motion to Show Ex[c]usable Neglect and Motion to Accept Complaint as Timely Filed** [#37] (the "Extension Motion"). Plaintiff proceeds in this matter pro se. As such, the Court must liberally construe his filings. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

    On May 14, 2015, the Court explained what steps Plaintiff needed to take to amend his claims and set June 5, 2015 as the deadline for Plaintiff to file a motion seeking leave to amend his Complaint. Order [#35] at 4-5. In the Extension Motion, Plaintiff explains that the Motion to Amend was filed a few days after that deadline because "Crowley County Correctional Facility was placed on emergency facility lockdown on Monday[,] June 1, 2015." *Extension Motion* [#37] at 2. Plaintiff further states that "Crowley Correctional Facility was released from lockdown on Monday[,] June 8, 2015" and that he "immediately accessed the law library and completed the mailing process . . . . " *Id.* The Motion to Amend and Extension Motion were received by the Court on June 10, 2015.

    The Court finds that the explanation offered by Plaintiff constitutes good cause and excusable neglect pursuant to Fed. R. Civ. P. 6(b)(1)(B). "[E]xcusable neglect" is an

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

"elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993). The determination of what is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395 (in context of Federal Rule of Bankruptcy 9006(b)(1)).  Factors to consider regarding excusable neglect include, but are not limited to: (1) the danger of prejudice to opposing party, (2) the length of delay and impact on proceedings, (3) the degree of control the moving party had over the delay, and (4) whether the moving party acted in good faith. *Id.*  In this case, the motions were received by the Court within five days of the deadline and Plaintiff did not have control over the lockdown or his access to the law library.  In addition, the mailing of the motions soon after the lockdown ended indicates that Plaintiff was acting in good faith. Finally, there can be no prejudice to Defendants by a delay of a few days when they have had notice of Plaintiff's intent to amend his Complaint since April 13, 2015.  On that day Plaintiff filed a motion seeking leave to amend, but failed to follow the proper procedures for amendment.  *See generally Motion to Amend Complaint* [#28].  Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion to Amend [#36] and the Extension Motion [#37] are **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#36-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment [#22] is **DENIED as moot**.  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated:  June 11, 2015