IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03013-KLM

SALVADOR ZUNOGAMA,

      Plaintiff,

v.

JOSEPH M. VIGIL, in his individual capacity,
CORRECTIONAL OFFICER APODACA, in his individual capacity, and
JOHN DOE, (Correctional Officer at Trinidad Correctional Facility known to Defendants but
unknown to Plaintiff), in his individual capacity,

      Defendants.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **Motion to Dismiss or Alternatively Motion for Summary Judgment** [#41][1] (the "Motion"). Plaintiff, who proceeds in this matter pro se,[2] filed a Response [#42], and Defendants filed a Reply [#43]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion

---

[1] "[#41]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

1

[#41] is **GRANTED**.

## I.  Background

Plaintiff Salvador Zunogama is an inmate in the custody of the Colorado Department of Corrections ("CDOC").  *Am. Compl.* [#40] at 3-4.   Plaintiff filed this civil action on November 6, 2014 alleging that he was attacked by prison guards on March 4, 2014, and that other guards failed to prevent or stop the other officers from assaulting him.  *Compl.* [#1] at 2-3.  On January 22, 2015, the Court dismissed several of the Defendants from the action, finding that the claims asserted against them were frivolous pursuant to 28 U.S.C. § 1915A, leaving only the claims asserted against Defendants Vigil and Apodaca, as well as the unknown Defendants, in their individual capacities.  *Order* [#13].  On June 11, 2015, the Court granted Plaintiff's Motion for Leave to Amend the Complaint, and accepted the Amended Complaint for filing.  *Am. Compl.* [#40].

Subsequently, on June 29, 2015, Defendants filed the Motion, arguing that Plaintiff failed to exhaust administrative remedies, and arguing alternatively that Plaintiff has failed to state a claim against Defendant Apodaca.  The Motion seeks dismissal of the case or, in the alternative, summary judgment.  *Motion* [#41].   Because the Court grants summary judgment in favor of Defendants on the issue of exhaustion, the Court does not reach Defendants' alternative argument that Plaintiff has failed to state a claim under the Eighth Amendment against Defendant Apodaca.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Under Rule 56, the Court must dismiss Plaintiff's claims without prejudice if the evidence presented does not create a genuine issue of material fact as to whether Plaintiff's claims against Defendants were properly exhausted.  *Gatlin v. Brown*, 2014 WL 1818245, at *4 (D. Colo. 2014) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice).  An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogation recognized by Eisenhour v. Weber County*, 744 F.3d 1220, 1227 (10th Cir. 2014).  Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's

3

allegation" or it will be disregarded.  *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

### III.  Analysis

Defendants contend that they are entitled to summary judgment in their favor because the undisputed facts demonstrate that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this case.  *Motion* [#41] at 3.  The PLRA provides as follows:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."  *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

A prisoner plaintiff is not required to specifically plead that he has exhausted his available administrative remedies or to attach exhibits proving exhaustion to his complaint. *Jones*, 549 U.S. at 216.  The burden is therefore on defendants to raise failure to exhaust as an affirmative defense in a motion for summary judgment.  *Id.*  If the evidence produced by the parties shows that there are no genuine factual issues preventing a finding that the plaintiff did not properly exhaust his available administrative remedies, the complaint must be dismissed without prejudice.  *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866,

4

at *1 n.1 (D. Kan. Apr. 16, 2008) (unreported decision) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Prison facilities are tasked with the responsibility of establishing administrative review procedures for addressing prisoner grievances.  To satisfy the PLRA exhaustion requirement, a prisoner plaintiff "must 'complete the administrative review process in accordance with the applicable procedural rules' – rules that are defined not by the PLRA, but by the prison grievance process itself."  *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88); *see also id.* ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available." (citing *Booth v. Churner*, 532 U.S. 731, 740 (2001))).  "Compliance with prison grievance procedures . . . is all that is required by the PLRA to properly exhaust," *Jones*, 549 U.S. at 218, but compliance must be **complete**, i.e., the inmate must abide by **all** of the "agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90-91.  Complete compliance is required "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.*

CDOC has adopted an administrative regulation, known as "AR 850-04," that establishes a grievance process for inmates at CDOC facilities. *See* [#41-1] at 6-16 (containing copy of AR 850-04).  The regulation provides that a "Step 1 Grievance must be

filed no later than 30 calendar days from the date the offender knew, or should have known, of the facts giv[ing] rise to the grievance." *Id.* at 13.   "[F]ailure to meet the appropriate filing deadlines for administrative remedies constitutes a failure to exhaust those remedies[.]"  *Collins v. Fed. Bureau Of Prisons*, 69 F. App'x 411, 413 (10th Cir. 2003).

Here, Plaintiff brings this action as a result of the alleged assault which occurred on March 4, 2014.  *Am. Compl.* [#40].  In his Amended Complaint, Plaintiff admits that he did not file a Step 1 Grievance based on the alleged March 4, 2014 assault until 126 days after it had occurred, but explains that although he attempted to obtain a grievance form in March 2014 by requesting one through CDOC's "kite" system, his requests went unanswered. *Id.* at 10-11.  He also states that he "is aware of the time requirements for filing grievances in compliance with [CDOC] Administrative Regulation (AR 850-04)." *Id.* at 10.  But he further contends that he filed the grievances "at the date he learned of the violation of his rights after research in the . . . Correctional Library[.]"  *Id.*

Defendants contend that "[n]ot only are [Plaintiff's] explanations at odds, but they are inherently contradictory[.]" *Motion* [#41] at 6.  Defendants argue that if Plaintiff did not learn of the violation until July 2014, then his explanation that he attempted, but was unable, to file a grievance in March 2014 makes no logical sense.  *Id.*  Defendants further add that irrespective of Plaintiff's explanations, the record shows that Plaintiff was in fact provided the means by which to exhaust his administrative remedies, as he filed a different grievance for an unrelated issue on March 11, 2014 – a week after the alleged March 4, 2014 assault – indicating that he did indeed have access to the appropriate forms for filing a grievance.  *Id.*; [#41-1] at 24.  Moreover, Defendants argue that it is irrelevant whether

6

Plaintiff actually "learned" that the officers' alleged actions caused a violation at a later date; rather, Defendants note that AR 850-04 requires that Plaintiff file a grievance within 30 days when he "knew or should have known" of the facts giving rise to the complaint.  *Id.* at 7.

The Court agrees with Defendants, and finds that Plaintiff failed to exhaust his administrative remedies prior to filing this action.  It is undisputed that Plaintiff knew of the facts giving rise to the alleged violation of his rights on March 4, 2014, and it is undisputed that he did not file a grievance until July 8, 2014 – well after the 30 day deadline set forth in AR 850-04.  *Response* [#42] at 3-4; [#41-1] at 13.  Plaintiff offers varying explanations for his failure to timely file a Step 1 Grievance.  In his Complaint and Response, Plaintiff claims that he did not have access to grievance forms and did not understand "that he could not be procedurally denied access to meaningful remedy due to the fact that Defendants precluded him from receiving the proper grievance forms." *Response* [#42] at 5.  He also appears to suggest that his failure to file the grievance within the stated time period was due to his lack of understanding of the law.[3]  *See Response* [#42] at 6.

Plaintiff's arguments lack merit.  With respect to his contention that he did not have access to the grievance forms, there are two problems.  First, Plaintiff has failed to provide specific allegations regarding the alleged denial of grievance forms; his Response mentions placing an unspecified number of prison "kites" requesting forms "in the door to his cell,"

---

[3]  In his Response, Plaintiff states that he later learned through his legal research that the alleged *denial of access to the grievance forms* – not the use of excessive force, as Defendants contend – was a "violation."  *Response* [#42] at 6.  This appears to contradict Plaintiff's earlier statement in his Step 2 Grievance (in which he attempted to appeal the denial of his July 8, 2014 Step 1 Grievance), to the effect that "[July 8, 2014] is the date that I became aware of the statutes regarding excessive force and improper investigation . . . I filed a grievance as soon as I learned about the violations to my rights after reviewing statutes[.]" [#41-1] at 29.  Nonetheless, for the purposes of this Motion, the Court ignores the apparent inconsistency.

but fails to provide the dates when he did so, the content of the kites, the names of the individuals who were responsible for retrieving and processing the kites and providing grievance forms, and whether the kites were retrieved, by whom, and when. *Response* [#42] at 3-4. His bare assertion that he was denied grievance forms is insufficient to create a genuine issue of material fact. *See, e.g., Brooks v. Johnson*, No. 07-cv-00417-EWN-MJW, 2008 WL 906130, at *4 (D. Colo. Feb. 15, 2008) (holding prisoner's failure to adduce evidence that he appealed grievances which had been previously denied insufficient to create a triable issue of fact). Second, Defendants have provided evidence that plainly refutes Plaintiff's assertions. More specifically, without further factual adornment, Plaintiff claims that his requests for grievance forms were either not received, "inadvertently misplaced . . . or intentionally destroyed." *Id.* at 4. But this statement is clearly contradicted by the record before the Court, which shows that Plaintiff met with a case manager and filed a Step 1 Grievance form pertaining to a separate, unrelated issue on March 11, 2014. [#41-3] at 2. Plaintiff then filed another unrelated Step 1 Grievance on April 7, 2014, and, when this Grievance was denied, then filed Step 2 and Step 3 Grievances on May 5 and June 23, 2014, respectively. [#41-1] at 24-26. Lastly, the record shows that Plaintiff met with the case manager on March 26, 2014, but that no grievance forms were filed relating to the alleged assault. [#41-3] at 2. Plaintiff makes no attempt to explain why he could not have used one of the forms he was provided for other grievances for his excessive force grievance. These facts make it clear that there is no *genuine* issue of material fact about whether Plaintiff had timely access to grievance forms. *Andersen v. Lindenbaum,* 160 P.3d 237, 239-240 (Colo. 2007) ("[A]lthough it is not for the trial court to determine which evidence is the more credible, if the evidence presented in opposition to

8

summary judgment is so incredible that it could not be accepted as true by a reasonable jury, it cannot serve to create a 'genuine' issue, or dispute, of fact.")

Importantly, Plaintiff does not deny that he filed other grievances in the spring of 2014.  His only explanations – which he raises for the first time in his Response to the Motion for Summary Judgment – are that "at the time of his contact with the case manager he had not decided to file a grievance on the excessive force issue contained in this complaint" and that he was unaware that Defendants were not permitted to deny him access to the grievance forms.  *Response* [#42] at 4-6.  However, Plaintiff may not rely solely on his own uncorroborated, self-serving and conclusory testimony to establish a genuine issue of material fact.  *Salguero v. City of Clovis*, 366 F.3d 1168, 1177 n.4 (10th Cir. 2004) (holding  that a sworn affidavit based only on personal knowledge is insufficient to create a triable issue of fact if it is self-serving and not otherwise supported by the record); *see also Anderson*, 277 U.S. at 248 (explaining that the burden shifts to the nonmovant after the summary judgment movant makes a prima facie showing of entitlement to relief).

Moreover, Plaintiff's plain admission that he was undecided about pursuing his excessive force claim does not excuse his failure to timely pursue his administrative remedies.  Neither AR 850-04 nor case precedent allows an inmate to unilaterally extend the time period for filing a grievance while he thinks it over.  *See Caldwell v. Nelson*, No. 12-cv-02990-RBJ-BNB, 2013 WL 5586065, at *4 (D. Colo. Oct. 10, 2013) ("Failure to comply with the rules established for the administrative grievance process, including applicable deadlines, results in procedural default of the plaintiff's claims.") (quoting *Ashford v. Hahn*, No. 02-1078, 2003 U.S. App. LEXIS 200, *3 (10th Cir. Jan. 6, 2003)).

9

Lastly, Plaintiff's argument that he was unaware of the law, regardless of whether he means the prohibition against excessive force or the necessity of exhausting his administrative remedies, does not excuse his late filing. Rather, it is well-settled that "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993); *see also Collins*, 69 F. App'x at 413 ("Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.") (citation omitted). Thus, Plaintiff's understanding of the legal basis for his claims is not the "knowledge" required to accrue his claim; rather, his knowledge "of the **facts** giv[ing] rise to the grievance" is what matters. *AR 850-04* [#41-1] at 13 (emphasis added). There is no genuine issue of material fact regarding the date when Plaintiff was aware of the facts which gave rise to his excessive force claim. There is, likewise, no genuine issue of material fact that Plaintiff failed to timely file the necessary grievance relating to the claim.

Accordingly, the Court grants summary judgment in favor of Defendants and dismisses this action without prejudice. *See Dawson*, 2008 WL 1773866, at *1 n.1 (dismissal of unexhausted claims on summary judgment should be without prejudice).

**IV.  Conclusion**

For the reasons set forth above,

IT IS **ORDERED** that Defendants' Motion for Summary Judgment [#41] is

**GRANTED**.

Dated:  March 3, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

11